Case 4:20-cv-02973   Document 6   Filed on 09/16/20 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
September 16, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RONALD DEROUEN, (SPN #02613902) Plaintiff, | § § § § | |
| vs. | § § | CIVIL ACTION H-20-2973 |
| T.B. TODD DUPONT, Defendant. | § § § § | |

**MEMORANDUM ON DISMISSAL**

Ronald DeRouen, an inmate of the Harris County Jail ("HCJ"), sued in August 2020, alleging civil rights violations resulting from a denial of due process. DeRouen, proceeding pro se and in forma pauperis, sues T.B. Todd Dupont, court-appointed defense counsel.

The threshold issue is whether DeRouen's claims should be dismissed as frivolous.

**I.     Derouen's Allegations**

Derouen states that he went to court on March 5, 2020. DeRouen complains that he remained in the holding cell while Dupont secretly negotiated with the prosecutor. He complains that Dupont allowed the prosecutor to consolidate two charges against DeRouen. DeRouen complains that Dupont never informed him of the additional charges. DeRouen further asserts that Dupont did not investigate the validity of the indictments. DeRouen asserts that Dupont prevented DeRouen from attending the probable cause and bail hearing. DeRouen claims that Dupont's conduct caused DeRouen to lose his wife, home, job, and car. DeRouen seeks compensatory damages of $500,000.

Online research shows that DeRouen is charged with robbery in Cause Number 166935901010. *See* https://www.hcdistrictclerk.com/Edocs/Public/search.aspx. DeRouen is scheduled to appear in the 339th Judicial District Court of Harris County, Texas on October 5, 2020.

## II.     Standard of Review

A federal court has the authority to dismiss an action in which the plaintiff is proceeding in forma pauperis before service if the court determines that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

## III.     The Claim Based on Ineffective Assistance of Counsel

DeRouen sues his court-appointed counsel. DeRouen's claims for damages for deprivations of constitutional rights must proceed under 42 U.S.C. § 1983. That statute requires DeRouen to present facts that, if proven, would show that he has been deprived of a right secured by the Constitution or laws of the United States, and that the deprivation was caused by someone acting under color of state law. *Baker v. McCollan*, 443 U.S. 137 (1979). The conduct of a private person, such as T.B. Dupont is not state action under 42 U.S.C. § 1983. *See Briscoe v. LaHue*, 460 U.S. 325, 329 (1983). DeRouen's claims against T.B. Dupont for ineffective assistance of counsel cannot support a damages suit under section 1983 because the attorney is not a state actor. *Brooks v. Hughes,* 98 F.3d 868, 873 (5th Cir. 1996) (citing *Polk Cnty. v. Dodson,* 454 U.S. 312, 324-25

(1981)); *Banuelos v. McFarland,* 41 F.3d 232, 234 (5th Cir. 1995) (holding that actions of counsel substitute in prison disciplinary hearing, like actions of public defender and private attorney, are not actions under color of state law for purposes of section 1983); *Mills v. Criminal Dist. Court No. 3,* 837 F.2d 677, 679 (5th Cir. 1988) ("private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983").

DeRouen has failed to plead facts showing that he has been deprived of a right secured by the Constitution or laws of the United States and that the deprivation was caused by someone acting under color of state law. DeRouen's civil rights claims against T.B. Dupont are DISMISSED as frivolous.

### IV.     Conclusion

DeRouen's motion to proceed in forma pauperis, (Docket Entry No. 2), is GRANTED. The action filed by Ronald DeRouen (SPN #02613902) lacks an arguable basis in law. His claims are DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i).

To the extent DeRouen seeks habeas relief based on the ineffective assistance of counsel, the Court notes that a writ of habeas corpus is the appropriate federal remedy for a state prisoner challenging the fact or duration of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973). Applicants seeking habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief. *See Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). DeRouen may challenge the ineffective assistance of counsel in a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254 after exhausting available state court remedies. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), imposed a one-year statute of limitations for federal habeas corpus petitions.

The agency having custody of DeRouen will continue to deduct twenty percent of each deposit made to DeRouen's inmate trust account and forward payments to the Court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this Order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711, Fax: 512-936-2159;

(2) Thomas Katz, Manager of the Inmate Trust Fund, 1200 Baker Street, Houston, Texas 77002, Fax 713-755-4546; and

(3) the Manager of the Three-Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas, on    September 16   , 2020.

_____
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE